# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ROCKY HATFIELD, | ) | CASE NO. 5:09CV95 |
| | ) | |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |

This action is before the Court upon objections filed by Petitioner Rocky Hatfield, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge Nancy A. Vecchiarelli. The Court ADOPTS the Report (Doc. 6) in its entirety. The Petition is DISMISSED.

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).  The Court has reviewed *de novo* the Report and Recommendation as it relates to Hatfield's objections.  The objections lack merit.

## I.      Analysis

Hatfield's objections focus on one particular finding in the Report.  Specifically, Hatfield contends that the Report erroneously determines that he procedurally defaulted his first ground for relief.  There is no merit in Hatfield's objection.

Initially, the Court notes that Hatfield does not find error in the Report's procedural default analysis.  Instead, Hatfield attacks the underlying state court appellate decision that finds he waived an issue during his trial.  Such an attack is not properly before this Court.  However, even assuming that it was, Hatfield's contention lacks merit.

In reaching its result, the Report finds that Hatfield's counsel failed to renew a motion to sever at the conclusion of the evidence of his trial.  The state appellate court reached the same conclusion and found that Hatfield had waived any issue with respect to that motion.  In this action, Hatfield asserts that his counsel properly renewed the motion and that therefore the appellate court was in error.  In support, Hatfield quotes his trial transcripts as follows:

> THE COURT:  And, counsel, at this point I would ask, and we'd handle this at side bar if you have any objections, corrections or additions to the jury instructions.  If you want to make note, let's go to side bar.
>
> …
>
> [DEFENSE COUNSEL]: I would just note my objections as stated earlier.

Doc. 1-1 at 16 (quotations provided by Hatfield, not an official transcript).  Hatfield asserts that his counsel's statement renewed every objection made prior to that point in trial.  Hatfield's argument is frivolous.  Counsel noted his objections to the jury instructions, as a specific question was asked by the Court.  There is no possible interpretation of the record that would allow the above statement to somehow renew counsel's request to sever trials.  Accordingly, Hatfield has not demonstrated any error in the Report.

Finally, the Court notes that Hatfield seems to argue that any conclusion that this issue was waived in the state court should automatically generate a conclusion that he was deprived of the effective assistance of trial and appellate counsel.  Hatfield ignores that the Report conducted a review of his ineffective assistance of appellate counsel.  That review included a review of his claim of ineffective assistance of trial counsel.  Through the review, the Report concluded that Hatfield had suffered no prejudice from the failure to renew the motion to sever.  In his objections, Hatfield has offered no argument that the Report's conclusion in this regard was erroneous.  Accordingly, his objections are OVERRULED.

**II.      Conclusion**

The Court hereby ADOPTS the Report and Recommendation in its entirety.  The Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  There is no basis on which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 8, 2011                          /s/ John R. Adams_____
                                          JUDGE JOHN R. ADAMS
                                          UNITED STATES DISTRICT COURT